**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THEO BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 4:26-cv-00291-SEP |
| BOE DEM ELECTION DIRECTOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Theo Brown's Application to Proceed in District Court Without Prepaying Fees or Costs. *See* Doc. [3]. As set forth below, the Court waives the filing fee and dismisses the action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Application to Proceed Without Prepaying Fees or Costs

When Plaintiff initiated this action on March 9, 2026, he submitted a form Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [3]. That form solicits specific information about Plaintiff's finances relevant to his eligibility to proceed *in forma pauperis*. Rather than fill out blanks on the form, which requested pay, wage and income information, Plaintiff wrote in large letters across the front of the form, "NA," indicating that those fields were not applicable to him. *Id.* at 1. Plaintiff also declined to fill out the second page of the form Application, which requested the amount of money he kept in his checking and savings accounts and the value of any real estate investments, financial instruments, stocks, bonds, automobiles, artwork or jewelry he owns. *Id.* at 2. He likewise failed to answer any questions relating to any ongoing monthly expenses. *Id.* All in all, Plaintiff appears to have refused to complete the form Application or otherwise provide information about his finances.

Willful refusal to fill out the Application can result in denial of a request to proceed *in forma pauperis*. In this case, however, Plaintiff indicates in his Complaint that he is "penniless and homeless." Doc. [1] at 4. The Court will therefore waive the filing fee.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be

granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff filed his Complaint against "BOE Dem. Election Director," "Dem Election Board," and "Rico Acts" Unnamed Defendants. Doc. [1] at 1-2. Although the Complaint is partially filed on a Court-provided form, Plaintiff's allegations are set forth in a "Memorandum for Clerk" attached to his Complaint, and they are difficult to interpret. He alleges, for example:

> comes now county executive candidate to aug primary race as lib party township committeeman theo brown sr past nominee elect for same office since past races like 2014 etchereby motion usdc issue a writ of mandamus on the boe to compel his filings as a parrty candidate for aug 44th 2026 race under the us constitution 1st

> amendment rights to freedom of speecch press assn as a congressionl law that supercede any sham unconstutional state law in violation us cont laws under the great slave state of misssouri to allow the great great etc grandson of former Missouri slave named govan owens before the state was granted statehood 1820 as slave state thus his grandaady was born 1804 when abe lincoln was born free but not his grandday as such these jim crows law was designed to keep people of color their civil rights as in the case of the section 1983 federal 1871 civil right act law as cited designed to protect off springs of former slaves like pro se plainitt committeeman theo brown s denied his civil right under color of the law like this jim crow unconstutional proposed state law deemed null and void unconstitutional as cited by dem direcror board as evident by refusing to file his on 2/24/2026 his race as past nominee yrs but denied this yr 2026 as such as prayer for relief this court could should would issue a writ of mandamus and file his candidate forms 2026 race to comply with the voting rights act of 1965 and section 213.065rsmo state law on public accomodation refuseral acts law wherefore county executive 2026 committeeman bron sr county prosecutor race nominee elect 2022 primary election winner wish to be nominee county executive lib party again 2026 as past party nominee to comply with the 1st amendment us constution on freedom of press, speech assn as a congressional law dened him 2026 under current us president as case law to wit; as such legal cite; frcp 42, 11, 37

Doc. [1-2] at 1.[1]

After filing the initial Complaint, Plaintiff submitted three additional filings, which appear to be unrelated to the action. Docs. [4], [6], [7]. The first filing appears to be Plaintiff's responses to questions posed to candidates running for St. Louis County Executive Board in August of 2014. Doc. [4] at 1-2. Attached to his 2014 responses are printouts of Missouri statutes governing county governments. Doc. [4] at 3-17. The second filing is a copy of a motion he previously filed in a 2015 case in this Court. Doc. [6]; *see Brown v. STLCC Dis. Board*, No. 4:15-cv-1571 CDP (E.D.Mo. Dec. 29, 2015). Plaintiff's third filing also appears to be a document from the 2015 case. Doc. [7]. Titled "pro se petitioner-relator taxpayer-committeeman motion to compel preliminary order in duo warrante (531rsmo)," the document bears no obvious relation to Plaintiff's Complaint in this case. *Id.*

Plaintiff seeks both compensatory and punitive damages from Defendants. Doc. [1] at 5.

## DISCUSSION

Having reviewed the Complaint and Plaintiff's three supplements, the Court finds that Plaintiff has failed to state sufficient facts to give fair notice of the claims asserted. The Court is

[1] Plaintiff's filing lacks any capitalization or punctuation and contains multiple spelling errors. The Court has duplicated the paragraph as it was written by Plaintiff.

unable to ascertain the nature of Plaintiff's claims or even the proper parties to this action. Plaintiff has filed more than 30 civil actions in this Court against government entities and officials. Those actions were dismissed because they were frivolous or malicious; they failed to state a claim upon which relief may be granted; or Plaintiff failed to comply with Court Orders. *E.g., Brown v. Unknown McShane, et al.,* No. 4:13-cv-558-DDN (E.D. Mo. 2013); *Brown v. BHC (State Government Agency), et al.,* No. 4:10-cv-173-TIA (E.D. Mo. 2010); *Brown v. RICO Defendants*, No. 4:09-cv-158 JCH (E.D. Mo. 2009); *Brown v. St. Louis Election Board*, No. 4:08-cv-1164 CAS (E.D. Mo. 2008); *Brown v. Missouri Division of Fire Safety*, No. 4:07-cv-1840 MLM (E.D. Mo. 2007). This lawsuit is of a piece with Plaintiff's past filings. Most of the allegations are unintelligible, and those that are intelligible do not allege a claim under any recognizable legal theory. The same is true of the attachments to the Complaint. Even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law, *Martin*, 623 F.2d at 1286, and this Court will not supply additional facts or construct a legal theory for Plaintiff that assumes facts not pleaded. *See Stone*, 364 F.3d at 914-15; *see also White v. United States*, 588 F.2d 650, 651 (8th Cir. 1978) (per curiam) (affirming dismissal of a complaint consisting of "a wholly incomprehensible compilation of unrelated phrases, diatribes, and ramblings"). In light of the Complaint and Plaintiff's litigation history, the Court finds that it would be futile to permit Plaintiff leave to file an Amended Complaint in this action. The Court will therefore dismiss this action at this time, without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [3], is **GRANTED and the filing fee is WAIVED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal shall accompany this Memorandum and Order. An appeal of this action would not be taken in good faith.

Dated this 19th day of October, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE